<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| STEPHEN O. GETHANGE, | : | |
| | : | |
| Petitioner, | : | Civ. No. 20-713 (GC) |
| | : | |
| v. | : | |
| | : | |
| ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, | : | **OPINION** |
| | : | |
| Respondent. | : | |

<u>**CASTNER, District Judge**</u>

**I.   INTRODUCTION**

Petitioner, Stephen O. Gethange ("Petitioner" or "Gethange"), is a state prisoner incarcerated at the South Woods State Prison in Bridgeton, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See* ECF 1). Presently pending is Respondent's Motion to Dismiss the habeas petition due to its untimeliness.[1] (*See* ECF 12 & 13). For the following reasons, Respondent's Motion to Dismiss is granted. The habeas petition is dismissed due to its untimeliness and a certificate of appealability shall not issue.

---

[1] Petitioner did not initially respond to the Motion to Dismiss. However, out of the abundance of caution, and given the ramifications of possibly dismissing Petitioner's habeas petition due to untimeliness, this Court gave Petitioner additional time, until December 29, 2022, to file a response to the Motion to Dismiss. (*See* ECF 17). In so doing, this Court also administratively terminated Respondent's Motion to Dismiss subject to reinstatement upon Petitioner either filing a response to the Motion to Dismiss or when time for Petitioner to file his response expired if he chose not to file a response. Petitioner has now filed a response in opposition to the Motion to Dismiss (*see* ECF 18) such that the Clerk will be ordered to reinstate Respondent's Motion to Dismiss so it can be analyzed.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

A state jury in Middlesex County, New Jersey convicted Petitioner of: (1) one count of aggravated sexual assault in the first degree; (2) one count of sexual assault in the second degree; and (3) one count of endangering the welfare of a child in the second degree.[2]  (*See* ECF 13-16). Petitioner ultimately received an aggregate twenty-year sentence.  (*See id.*).  On April 11, 2014, the New Jersey Supreme Court denied Petitioner's petition for certification on direct appeal.  (*See* ECF 13-19).  Petitioner did not file a petition for writ of certiorari to the United States Supreme Court on his direct appeal.  (*See* ECF 1 at 3).

In a document dated August 6, 2014, but not received by the New Jersey Superior Court, Law Division until August 25, 2014, Petitioner filed a post-conviction relief ("PCR") petition.  On July 1, 2015, the Law Division denied Petitioner's PCR petition.  (*See* ECF 13-21).  On September 21, 2015, Petitioner filed a motion to file his appeal *nunc pro tunc* with the New Jersey Superior Court, Appellate Division, as well as a notice of appeal.  (*See* ECF 13-22, 13-23).  The Appellate Division granted the motion to appeal *nunc pro tunc* on October 13, 2015.  (*See* ECF 13-24).  The Appellate Division affirmed the Law Division's denial of Petitioner's PCR petition.  (*See* ECF 13-25).  The New Jersey Supreme Court subsequently denied Petitioner's request for certification on his PCR petition in an order filed January 25, 2019.  (*See* ECF 13-28).  Neither party states, nor does the record indicate, that Petitioner sought certiorari from the United States Supreme Court from the denial of his PCR petition.

Petitioner then submitted his federal habeas petition to this Court on January 15, 2020, based on the date listed on his certificate of service attached to his habeas petition.  (*See* ECF 1-1 at 2).  On March 5, 2020, this Court ordered Respondent to file either a motion to dismiss or a

---

[2] This Court need not engage in the underlying facts giving rise to these convictions as this Opinion solely addresses the issue of the timeliness of Petitioner's federal habeas petition.

2

response to the habeas petition within forty-five days. (*See* ECF 5). On March 12, 2020, the New Jersey Attorney General's Office referred this matter to the Middlesex County Prosecutor's Office to file a response to Petitioner's habeas petition. (*See* ECF 7). Thereafter, Respondent failed to file a response to Petitioner's habeas petition within the initial time allotted.

On April 11, 2022, this matter was reassigned to the undersigned. (*See* ECF 9). As the case had remained dormant for over two years, this Court contacted the Middlesex County Prosecutor's Office to find out the status of its response to Petitioner's pending habeas petition. The Middlesex County Prosecutor's Office indicated due to oversight and neglect that it had failed to file a response in this case. (*See* ECF 10). The Court then gave Respondent a new deadline, until May 13, 2022, to file a response to the habeas petition. (*See* ECF 11). On May 13, 2022, Respondent filed the pending Motion to Dismiss the habeas petition due to untimeliness. (*See* ECF 12 & 13).

On June 23, 2022, Petitioner filed a Motion for Summary Judgment. (*See* ECF 14). On August 23, 2022, this Court denied Petitioner's Motion for Summary Judgment. (*See* ECF 15). However, as it was unclear whether Respondent had properly served Petitioner with its May 13, 2022 Motion to Dismiss, this Court ordered Respondent to file a certificate of service related to its Motion to Dismiss. (*See id.*). This Court noted that Petitioner would then have forty-five days from the date Respondent filed the certificate of service to submit a response to the Motion to Dismiss. (*See id.*). Respondent filed its certificate of service related to its Motion to Dismiss on September 13, 2022. (*See* ECF 16). Petitioner did not file a response to the Motion to Dismiss within forty-five days of September 13, 2022. Nevertheless, on November 29, 2022, out of the abundance of caution, this Court gave Petitioner an additional thirty days in which to file his response to the Motion to Dismiss. On January 5, 2023, this Court received Petitioner's response

in opposition to the Motion to Dismiss. (*See* ECF 18). Petitioner asserts in his response that his habeas petition should be considered timely due to equitable tolling.

### III. DISCUSSION

Respondent claims Petitioner's habeas petition is untimely. "A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Most relevant to this habeas petition, the one-year limitations period begins to run when the criminal judgment becomes "final."[3] A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) at the conclusion of direct review or at the expiration of time for seeking such review. *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *see also* 28 U.S.C. § 2244(d)(1)(A) (the 1–year period begins on 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review'). When a defendant does not file a petition for certiorari with the United States Supreme Court, the one-year limitations period starts to run when the ninety-day period for

---

[3] The statute states in full that the limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . .

28 U.S.C. § 2244(d)(1). There is no indication that any subsection other than (A) is applicable here

seeking certiorari expires. *See Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012); *Clay v. U.S.*, 537 U.S. 522, 532 (2003); U.S. Sup. Ct. R. 13 (ninety-day deadline to file petition for writ of certiorari).

Petitioner did not seek a petition for writ of certiorari from the United States Supreme Court after the New Jersey Supreme Court denied his petition for certification from his direct appeal on April 11, 2014. Thus, Petitioner's one-year statute of limitations began to run on July 10, 2014, or ninety days after the New Jersey Supreme Court denied certification.

The filing of a PCR petition may statutorily toll (*i.e.*, suspend) the running of the one-year habeas limitations period. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). A prisoner's application for state collateral review is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings[.]" *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 (3d Cir. 2013) (quoting *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)).

For purposes of determining when a *federal habeas* petition is deemed "filed," federal courts adhere to the prisoner mailbox rule which provides that a *pro se* prisoner's habeas petition is deemed filed "at the time petitioner delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 276 (1988). However, as one court in this District recently noted:

> New Jersey law is unsettled as to whether to apply the prison mailbox rule. *See Ali v. Davis*, No. CV 19-18403 (NLH), 2022 WL 475536, at *3 (D.N.J. Feb. 16, 2022) ("[S]tate law governs when a post-conviction relief petition is 'properly filed' for purposes of tolling AEDPA's statute of limitations. New Jersey courts have not determined whether to apply the 'prisoner mailbox rule' to PCR petitions.") (quoting *Alston v. Att'y Gen. of New Jersey*, No. 18-10138, 2019 WL 2304664, at *3 (D.N.J. May 30, 2019)); *Oliver v.*

5

>  *Lee*, No. A-1669-10, 2012 WL 1414081, at *3 (N.J. Super. Ct. App.
>  Div. Apr. 25, 2012) (declining to determine whether "prisoner
>  mailbox rule" applies to post-conviction relief petitions).

*Graham v. New Jersey*, No. 21-20773, 2022 WL 4010856, at *7 n.8 (D.N.J. Sept. 2, 2022). However, for purposes of this Opinion, this Court will give Petitioner the benefit of the doubt and apply the prisoner mailbox rule to his state court filings. As explained *infra*, doing so does not change the outcome in this case. Thus, this Court will presume that Petitioner "filed" his PCR petition on August 6, 2014, the date Petitioner dated his PCR petition. *See Maples v. Warren*, No. 12–0993, 2012 WL 1344828, at *1 n.2 (D.N.J. Apr. 16, 2012) ("Often times, when the court is unable to determine the exact date that a petitioner handed his petition to prison officials for mailing, it will look to the signed and dated certification of the petition."). Thus, when Petitioner filed his PCR petition on August 6, 2014, it tolled his one-year statute of limitations period after twenty-seven days had already run – July 10, 2014 to August 6, 2014.

Ultimately, as discussed above, the New Jersey Supreme Court denied Petitioner's petition for certification on his PCR petition on January 25, 2019. Thus, the time remaining[4] on Petitioner's one-year clock to file a federal habeas petition began to run again on this date. Indeed, in contrast to the rule on direct appeal, the statutory tolling period does not include the time during which petitioner *could have* filed a petition for writ of certiorari in the United States Supreme Court from the denial of certification on his PCR petition. *See Stokes v. Dist. Attorney of Cnty. of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001) (stating that ninety-day period that petitioner had to file a petition for writ of certiorari on the denial of PCR petition does not toll the relevant one-year

---

[4] Respondent claims that the time from when Petitioner's notice of appeal to the Appellate Division was due in his PCR proceedings (August 15, 2015) to the time he filed his motion to proceed on appeal *nunc pro tunc* on September 21, 2015 should also count against his one-year statute of limitations clock as his PCR petition was not "pending" during this period. Because Petitioner's federal habeas petition though is clearly untimely even if this period is not counted towards the one-year statute of limitations, this Court need not analyze nor address this issue.

statute of limitations to file a federal habeas petition under § 2254); *see also Ransome v. Holmes*, No. 12–4889, 2013 WL 6253668, at *4 (D.N.J. Dec. 4, 2013).

Pursuant to the prisoner mailbox rule, Petitioner filed this federal habeas petition on January 15, 2020 (the day Petitioner signed his certificate of service), or a period of 355 days after the New Jersey Supreme Court denied certification on Petitioner's PCR petition on January 25, 2019. Thus, adding this period of 355 days to the twenty-seven days that had previously run on Petitioner's one-year statute of limitations period to file a federal habeas petition (from July 10, 2014 to August 6, 2014), this action is untimely by seventeen days (27 + 355 = 382 days). Accordingly, statutorily tolling does not make Petitioner's federal habeas petition timely.

While statutory tolling does not make Petitioner's federal habeas petition timely, it is possible that Petitioner could establish equitable tolling to make his federal habeas petition timely. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Jenkins*, 705 F.3d at 89. "There are no bright lines in determining whether equitable tolling is warranted in a given case." *See Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). The Third Circuit has explained that "equitable tolling is appropriate when principles of equity would make rigid application of a limitation period unfair, but that a court should be sparing in its use of the doctrine." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013) (citing *Pabon*, 654 F.3d at 399; *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)).

For equitable tolling to apply, the Third Circuit requires a showing of reasonable diligence which it defines as follows:

> [t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence, [citing

> *Holland v. Florida*, 130 S. Ct. 2549, 2565 (2010)]. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) . . . . The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling. *See Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003).

*Ross*, 712 F.3d at 799. Extraordinary circumstances may be found where: (1) the petitioner has been actively misled; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) where the petitioner has timely asserted his rights in the wrong forum. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). However, "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Id.* (citations omitted).

Petitioner argues that equitable tolling should apply in this case. Petitioner asserts that the COVID-19 pandemic caused mandatory quarantines which affected his ability to use the law library for part of 2019 and much of 2020. (*See* ECF 18 at 3). This Court finds such an argument by Petitioner insufficient to apply equitable tolling in this case for the reasons that follow.

The New Jersey Supreme Court denied certification on Petitioner's PCR petition on January 25, 2019. Petitioner had 338 days from that date to file his federal habeas petition as twenty-seven days had already run on his one-year statute of limitations. Thus, Petitioner had eleven-plus months from that date in which to file his federal habeas petition in 2019 and early 2020.

Assuming *arguendo* that the circumstances of Petitioner's incarceration as to prison protocols related to the COVID-19 pandemic could constitute extraordinary circumstances to warrant applying equitable tolling in this case, equitable tolling still does not apply in this case.

8

Indeed, the COVID-19 pandemic in this country did not begin in earnest until *after* Petitioner's habeas petition became due in this Court in early January, 2020.[5]  Petitioner fails to show that he was reasonably diligent throughout almost all of 2019 and early January, 2020 when there was no COVID-19 pandemic in this country.  *See Anderson v. Penns*[*l*]*yvania*, No. 22-1016, 2022 WL 17084381, at *3 (M.D. Pa. Nov. 18, 2022) ("'[T]he party seeking equitable tolling must have acted with reasonable diligence *throughout* the period he seeks to toll."') (emphasis added) (quoting *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000))).

Accordingly, equitable tolling also does not save Petitioner's habeas petition.  Therefore, Respondent's Motion to Dismiss due to untimeliness will be granted.

## IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003).  In *Slack v. McDaniel,* 529 U.S. 473, 484 (2000), the United States Supreme Court further held: "[w]hen the district court denies a habeas petition on procedural grounds without reaching

---

[5] As the Third Circuit has noted, COVID-19 "was unknown until an outbreak began in December, 2019 in Wuhan, China . . . . On March 11, 2020, the World Health Organization declared COVID-19 a global pandemic." *United States v. Roeder*, 807 F. App'x 157, 158 (3d Cir. 2020) (footnotes omitted); *see also Freedom Mortgage Corp. v. Smith*, No. 21-11025, 2022 WL 1703102, at *3 (D.N.J. Mar. 2022) (noting COVID-19 pandemic began in March, 2020).

the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

For the reasons discussed above, Petitioner has not met this standard as his habeas petition is untimely. This Court will not issue a certificate of appealability.

## V.    CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss is granted and Petitioner's Habeas Petition is denied due to untimeliness. A certificate of appealability shall not issue. An appropriate Order will be entered.

DATED: January 23rd 2023

*s/Georgette Castner*
GEORGETTE CASTNER
United States District Judge